Joaquim Salgado v. Commissioner.
Salgado v. Commissioner
Docket No. 42082.
United States Tax Court
T.C. Memo 1954-21; 1954 Tax Ct. Memo LEXIS 222; 13 T.C.M. (CCH) 412; T.C.M. (RIA) 54127; April 30, 1954, Filed *222 Frederick H. Balboni, Esq., and Charles J. McGowan, C.P.A., 558 Pleasant Street, New Bedford, Mass., for the petitioner. Joseph Landis, Esq., and R. Monroe Schwartz, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies and additions for fraud under section 293(b) as follows: Addition
Year
Deficiency
for Fraud
1945
$ 2,413.43
$1,206.72
1946
5,918.85
2,959.42
1947
12,208.79
6,104.39
1948
8,751.02
4,375.51
1949
10,396.73
5,198.37
1950
1,985.17
992.59 The issues for decision are whether a part of the deficiency for each of the taxable years was due to fraud with intent to evade tax, and the amount of the petitioner's taxable income for each year. Findings of Fact The petitioner filed income tax returns for each of the taxable years with the collector of internal revenue for the District of Massachusetts. Each of those returns was false and fraudulent with intent to evade tax. The following table shows the correct amount of the taxable income of the petitioner and the income reported by him for each of the taxable years: 1945
1946
1947
1948
1949
1950
Correct
$10,118.28
$16,236.21
$30,086.76
$34,791.51
$26,637.17
$8,335.00
income
Income
1,283.20
412.11
1,539.75
4,868.16
(loss 339.77)
3,313.00
reported
*223 A part of the deficiency for each year was due to fraud with intent to evade tax. The stipulation of facts is incorporated herein by this reference. Opinion MURDOCK, Judge: The petitioner, during the taxable years, was engaged in operating a retail store, had income from dividends, interest and rent, and had income from a numbers booking business, an illegal occupation. He had his returns for the taxable years made out for him by a lawyer to whom he gave figures showing his income from dividends, interest, rent and from the operation of the store, but he did not give the attorney any figures pertaining to the numbers business "Because that was against the law and I didn't want to report it." He did not keep any records of his numbers booking business and the Commissioner, in determining the deficiencies, had to use the increase in net worth and expenditures method of determining the income of the petitioner for each taxable year. The petitioner agrees that the use of that method is proper and a part of the stipulation is a statement of the petitioner's expenditures for each of the taxable years and the amount of his net worth at the beginning and end of each year "exclusive *224 of cash on hand, if any." The taxpayer, in the course of the Commissioner's investigations, told representatives of the Commissioner that throughout the taxable years the only cash which he had was between $18,000 and $20,000 which he needed and used for the purpose of operating his numbers business, and the amount remained practically constant throughout the taxable years. He also gave a sworn statement to that same effect. If, as the petitioner represented to the Commissioner, his cash did not change materially during the taxable years, it would have no effect upon the increase in his net worth as determined by the Commissioner. The petitioner now contends, however, that he had cash of about $60,500 at the beginning of 1945, parts of which he invested during the taxable years in assets which appear in the net worth statement attached to the stipulation. He and his wife mentioned other amounts of cash which he says he had on hand at the end of each of the taxable years and he argues that the correct amount of his unreported income for each of the taxable years, after adjusting the net worth statement to show this large varying amount of cash, was: 1945
$ 6,635.08
1946
7,524.19
1947
12,247.01
1948
14,023.35
1949
17,476.94
1950
13,622.15
*225 Those amounts, which he admits were omitted from his return, would be sufficient to show that each deficiency was due to fraud with intent to evade tax when considered in the light of other uncontested evidence. However, there is no proper convincing evidence that he had $60,500 of cash on hand at the beginning of 1945 or that his cash during the taxable period differed from the amount of $18,000 to $20,000 as represented by him to the representatives of the Commissioner. His counsel got expressions by the petitioner and his wife into the record indicating large amounts of cash on hand at different periods, but the record as a whole indicates that neither had any independent present recollection at the time the testimony was given of any such amounts of cash or that their recollections were refreshed on the occasions when they testified in any proper way. Furthermore, the evidence indicates that the petitioner has been willing to make statements under oath knowing them to be untrue at the time. The Commissioner has proven by clear and convincing evidence that a part of the deficiency for each year was due to fraud with intent to evade tax. ; *226 ; . The petitioner has the burden of proof to show that his income for a year was less than the amount determined by the Commissioner for the purpose of overcoming the Commissioner's determination of the deficiencies. Not only does the evidence fail to show error of the Commissioner in that respect, but it affirmatively supports his determinations. Decision will be entered under Rule 50.